MAGEO MAAELE of Pago Pago, Plaintiff

v.

AGAI VIENA of Pago Pago, Defendant

No. 20-1950

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Leaualatele" in Pago Pago]

November 9, 1950

A. A. MORROW, *Chief Justice;* and LETULIGASENOA, *District Judge.*

DECISION

Heard at Fagatogo October 31, 1950.
Meauta for Mageo; Agai *pro se.*

MORROW, *Chief Justice.*

Agai Viena of Pago Pago filed his application to have the land Leaualatele in Pago Pago registered as his individually owned property. Mageo Maaele filed an objection to such proposed registration claiming that the land was the communal family land of the Mageo family. Hence this litigation. See Section 905 of the American Samoan Code. Agai filed a survey of the land with his application. Prior to the hearing the court viewed the land. The parties were notified as to the time the court would view the land but neither party appeared.

It should be stated at the outset that Agai is a young man in the Mageo family. Agai went into the possession of this land in the year 1945. Prior to his entry he requested Mageo Lauoi, the then matai of the Mageo family, to assign to him a piece of Mageo communal family land in accordance with Samoan customs. Mageo Lauoi made the assignment and Agai entered. Shortly thereafter Gi complained to Agai that the land assigned to him by the Mageo was the individually owned property of the Gi and stopped him from putting up a house on it. Agai fearing that the land was not the property of the Mageo then paid $500.00 to Gi who purported to sell him the land. Agai then proceeded to put up his palagi house on the land at a cost of about $800.00. He has also built a Samoan fale on it at some expense to him.

Originally this land was the communal family land of the Fanene. The evidence shows that many years ago Simoa, a blood son of Gi and the adopted son of Mageo Kini, was shot to death by a member of the Fanene family. The evidence showed that in order to prevent Mageo family members from killing a Fanene family member in retaliation, Mauga Moimoi called a meeting of the matais of Pago Pago and after hearing the advice of the Tei and Anoalo decided that the Fanene family should make retribution to the Mageo family by a suitable gift so as to prevent bloodshed. Both the Fanene and Mageo accepted the advice and the gift of the land was made. Gi, the blood father of Simoa the dead man, testified that the land was given to him in his individual capacity by the Fanene and that it was not given to him in his capacity as matai of the Gi family. It should be stated here that Gi is a member of the Mageo family through blood and that there is no relationship between the Gi title and Mageo title. On cross-examination he said, speaking of the gift of the land by Fanene, "In those days the Samoans make an offering to our

582

family and it was granted by our family and there was no case and they gave this land as a bloodshed." And in still another part of his cross-examination, in response to the question "The offering that you have mentioned to the court that the Fanene family furnished the fine mat and also gave this land as a reward to the bloodshed was this offered to Mageo and the Mageo family?" Gi answered as follows: "It was made to the Mageo and the Mageo family but when the Fanene family made that offering I was sent for by Mageo Kini and Mageo Veevalu. I told them to grant the offering made by Fanene and that is how no case happened and the apology was granted by said family." He also testified that the offering was made "at the place where Mageo Kini was residing because my son (Simoa) was the adopted son of Mageo Kini." It is significant also that the dead man was buried on the Mageo land Autapini and not on Gi land.

Mauga testified that he was present at the meeting of the matais when the gift was made in accordance with the decision of Mauga Moimoi. He was a young man at the time. His testimony was that the gift of the land was to "Mageo and the family." In response to an inquiry as to whether the land was given to Gi, whose blood son the dead man was, Mauga said again that the gift was "to Mageo and the family." The present Fanene who was a young man at the time testified as to the fact of the gift of the land by the then Fanene but he did not know whether the gift was to Gi or to Mageo.

This court must make its findings of fact in this case in accordance with the preponderance of the evidence before it. "It is elementary that in civil cases a mere preponderance of the proof is all that is necessary to establish the point in issue. . . ." 1 Jones on Evidence (4th ed.) Sec. 5. In view of the somewhat contradictory testimony of Gi as to whether the gift of the land was made to him as an individ-

ual or to the Mageo family and the positive testimony of Magua that it was made to "Mageo and the family," we think the evidence clearly preponderates in favor of Mauga's version of the transaction and we find from the evidence that the land in dispute in this case was given by the Fanene to the Mageo as the matai of the Mageo family. It follows from the evidence that this land must be registered as the communal family land of the Mageo in his capacity as the matai of the Mageo family. However, the testimony of Mageo Maaele and of Agai, a Mageo family member as heretofore stated, establishes beyond doubt that Mageo Lauoi in his capacity as matai of the Mageo family did assign this particular land to Agai for his use and occupation in accordance with Samoan customs. This court is by statute required to recognize Samoan customs. Section 2 of the Code provides "The customs of the Samoans, not in conflict with the laws of American Samoa or the laws of the United States concerning American Samoa shall be preserved."

It is accordingly ORDERED, ADJUDGED and DECREED that the land Leaualatele, as shown on the survey accompanying the application to have it registered, shall be registered as the communal family land of the Mageo title. The Registrar of Titles will be so advised. Agai Viena, the proponent and a member of the Mageo family, has the right to continue to occupy and use this land in accordance with Samoan customs so long as he desires to do so. He should not be disturbed in his possession and use of the land.

Inasmuch as Agai paid for the survey and the benefit of such payment will accrue largely to the Mageo family it is equitable that the Mageo pay the costs. Accordingly costs in the sum of $12.50 are hereby assessed against Mageo Maaele, the same to be paid within 30 days.

## SUPPLEMENT TO ORIGINAL DECREE

WHEREAS it appears to the Court, after a hearing in the office of the Chief Justice attended by Agai, Mageo, and his counsel Meauta, at 0900 Nov. 15, 1950, that Agai is a member of the Fita Fita Guard and Band, and

WHEREAS it is known to the Court that said Fita Fita Guard and Band is scheduled to be disbanded at an early date and the members thereof given an opportunity to enlist in the regular Navy for service wherever they may be needed, and

WHEREAS if Agai enlists in the regular Navy intending to return to the land Leaualatele (where his home and domicile now is) to make his home upon termination of his active service in the Navy, his domicile will continue (unless voluntarily changed by him) at said land, and

WHEREAS said Agai erected a palagi dwelling house and Samoan fale upon said land at his own expense, and

WHEREAS Agai has informally petitioned the Court to specify his rights in said land with more particularity than they are specified in the original decree,

NOW, THEREFORE, to that end, it is further ORDERED, ADJUDGED and DECREED that said Agai Viena has the right to use and occupy said land Leaualatele in accordance with Samoan customs upon the termination of his active service in the U.S. Navy so long as he shall desire to do so, his domicile remaining at such land, and

It is further ORDERED, ADJUDGED and DECREED that Agai Viena has the right to have his wife and children continue to occupy and use said land according to Samoan customs during any period he may be in active service in the U.S. Navy, his domicile continuing to be at such land Leaualatele.

November 15, 1950.